IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KORENA C.,[1]**

        Plaintiff,

     v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

        Defendant.

**Civ. No. 6:19-cv-00369-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Korena C. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by failing to credit: (1) Plaintiff's testimony; and (2) Dr. Jill Brenizer, Psy.D., and Dr. Douglas Smyth, Ph.D.'s medical opinions. Pl.'s Br. 5, ECF No. 15. Because there is substantial evidence in the record to support the ALJ's findings, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI on March 19, 2015, alleging disability since January 1, 1990. Tr. 145–50. Her claim was denied initially and upon reconsideration. Tr. 78–81, 89–91. Plaintiff timely requested a hearing before an ALJ and appeared before the Honorable Katherine Weatherly on November 28, 2017. Tr. 92–94, 29–50. ALJ Weatherly denied Plaintiff's claim by a written decision dated March 21, 2018. Tr. 10–26. Plaintiff sought review from the Appeals Council and was denied on January 10, 2019, rending the ALJ's decision final. Tr. 142–44, 1–6.

Plaintiff was 17 at the time of her alleged disability onset and 45 at the time of her hearing. *See* tr. 21, 145, 29. Plaintiff completed the ninth grade and has past relevant experience as a cashier, component assembler, and janitor. Tr. 165, 45, 21. She alleges disability due to a crushed foot, back pain, right hand pain, post-traumatic stress disorder, chronic depression, trauma, and abuse. Tr. 164.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the

administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## **DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

### I. Plaintiff's Credibility

An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a). When there is objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the

ALJ must provide clear and convincing reasons for discrediting the claimant's testimony. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair,* 885 F.2d at 603). The ALJ "may consider a range of factors in assessing credibility." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter,* 504 F.3d at 1040. It is proper for the ALJ to consider the objective medical evidence in making a credibility determination. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The Ninth Circuit has upheld negative credibility findings, however, when the claimant's statements at the hearing "do not comport with objective evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). "If the ALJ's credibility finding is supported by substantial evidence in the record," this Court "may not engage in second-guessing," *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted), and "must uphold the ALJ's decision where the

evidence is susceptible to more than one rational interpretation," *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (citation omitted).

Here, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 18. Plaintiff reported that she has lower back and knee pain when she stands, walks, or sits for too long. Tr. 181. She has tingling in her right foot. *Id.* She gets very emotional, anxious, and overwhelmed. *Id.* She has difficulty lifting, squatting, bending, reaching, walking, sitting, kneeling, stair climbing, remembering things, completing tasks, concentrating, understanding, following instructions, using her hands, and getting along with others. *Id.*; tr. 186.

Plaintiff testified that she cannot work because she gets very emotional and sensitive and has chronic right foot pain. Tr. 37–38. She takes ibuprofen for her foot, baclofen for her lower back, and an antidepressant. Tr. 36, 40. She had not consumed alcohol for one month because it made her more depressed. Tr. 37, 39. She felt a little better after she stopped drinking but is still depressed. Tr. 40, 42. She does not want to do anything and had difficulty at the hearing. Tr. 42. She does not shop or go out often. Tr. 39. She has someone take her to appointments because she is always late and gets stressed. Tr. 41. She is always late because she has difficulty with things. Tr. 43. She sometimes struggles to make decisions. *Id.* Going out and dealing with people makes her uncomfortable so she stays home, sometimes for a few days in a row. *Id.* She sleeps, lies in bed, watches television, and procrastinates. *Id.* She lives with her mother. Tr. 32. She has a four-year-old daughter and a nineteen-year-old son. *Id.* She is never solely responsible for her daughter and only sees her with the father there. Tr. 43. She has problems with anger and

sometimes yells at people. Tr. 43–44. She takes things personally and cries. Tr. 44. She had not sought mental health counseling since the beginning of 2017 because it is "really hard" for her to talk to people. Tr. 37. Her foot got run over by a car in 2001 and she has had three foot surgeries. Tr. 38, 40. She does not use a cane but it hurts when she stands and walks. *Id.* She cannot stand for very long and cannot walk around the block without pain. Tr. 40–41. She also has right lower back pain that moves down her right hip, which prevents her from doing things and hurts if she sits up for two hours or more. Tr. 41–42.

The ALJ found that Plaintiff's mental impairments "improve with regular treatment and minimal substance use." Tr. 18. An ALJ may consider a Plaintiff's daily activities, inconsistent testimony, effectiveness or adverse side effects of medication, and relevant character evidence in making a credibility determination. *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted); 20 C.F.R. § 416.929(c)(3)(iv)–(v) (explaining that relevant factors include effectiveness of medication and treatment). Here, the ALJ found that Plaintiff had mental health issues and a history of substance use and trauma. Tr. 18 (citing tr. 230–34). She has trust issues, nightmares, hypervigilance, hopelessness, lack of motivation, loss of interest, low self-esteem, guilt, and suicidal thoughts. Tr. 18 (citing tr. 232). She has overdosed on alcohol and medication and used methamphetamines. Tr. 18 (citing tr. 319–33). She has received medication and counseling treatment. Tr. 18 (citing tr. 239–58, 489–510). In July 2014, she said she had increased depression but was alert and cooperative and had normal mood, affect, attention span, and concentration. Tr. 18 (citing tr. 241). The provider said Plaintiff may have been using too much alcohol. Tr. 18 (citing tr. 242). In March 2015, Plaintiff said her antidepressant was not helping but that she was less depressed and was seeing a counselor once per month. Tr. 18

(citing tr. 244). The provider prescribed her a new antidepressant. Tr. 18 (citing tr. 250). In June 2015, Plaintiff reported some improvement. Tr. 18 (citing tr. 254).

In early October 2015, Plaintiff had not attended therapy in six months and was drinking more alcohol. Tr. 18 (citing tr. 505). Later that month, she said her anxiety and fear improved with group therapy. Tr. 18 (citing tr. 506). In December 2015, she gave conflicting reports about her past and current drinking. Tr. 18–19 (citing tr. 266). She presented with good grooming and intact cognition and memory. Tr. 19 (citing tr. 265). She could understand and remember short and direction instructions, recall two out of three objects, and list the months of the ear in order and the days of the week backwards. *Id.* In June 2015, she was still using some alcohol. Tr. 19 (citing tr. 283).[2]

In May 2016, Plaintiff said her depression was worse and she had difficulty remembering to take her medication. Tr. 19 (citing tr. 516). In October 2016, she was calm, cooperative, and had normal speech and appropriate affect despite her somber mood. Tr. 19 (citing tr. 516). Her thought processes and content were intact. *Id.* The ALJ further noted that although Plaintiff testified to significant social limitations, there was no evidence of that in the record. Tr. 19. Plaintiff's counselor said Plaintiff was tearful and labile during sessions, but the counselor did not indicate that it was inconsistent with the environment. Tr. 19 (citing tr. 489–510). Given this evidence, the ALJ found that the RFC adequately addressed Plaintiff's symptoms "by limiting her to understanding, remembering, and carrying out simple, routine, and repetitive tasks with no more than occasional contact with the general public." Tr. 19.

---

[2] The ALJ said this evidence was from February 2016, but the report is dated June 2015.

7 – OPINION AND ORDER

Regarding Plaintiff's right hand, the ALJ found that the objective medical evidence indicated that Plaintiff could "perform light work with additional manipulative, postural, and environmental limitations." Tr. 19. Plaintiff had chronic contraction of the dip joins in her right hand with some decreased sensation and finger extension. Tr. 19 (citing tr. 253, 273). She reported, however, that she could care for herself, drive a car, do some household chores, and go shopping. Tr. 19 (citing tr. 216–68).

Plaintiff argues that the record reveals persistent, severe depression that impacts her "ability to attend appointments, parent, and attend to self-care and other activities of daily living." Pl.'s Br. 17; *see* tr. 14–17 (citing tr. 241–42, 230–33, 500–02, 244, 250, 503–04, 252–54, 280–91, 281–91, 505–07, 261–68, 497, 515–16, 489–90, 492, 496, 509–10). The ALJ acknowledged Plaintiff's depression symptoms and accounted for them in the RFC. *See* tr. 17, 19. Even considering the additional evidence Plaintiff cites, the ALJ proffered "more than a mere scintilla" of evidence supporting the RFC. *See Hill*, 698 F.3d at 1159 (quoting *Sandgathe*, 108 F.3d at 980). This Court "may not substitute its judgment" for the ALJ's. *See Gutierrez*, 740 F.3d at 523 (quoting *Reddick*, 157 F.3d at 720–21).

Substantial evidence exists in the record to support the ALJ's finding that Plaintiff was not entirely credible. Therefore, the ALJ did not err in discounting Plaintiff's credibility.

## II. Dr. Brenizer and Dr. Smyth's Medical Opinions

Plaintiff argues that the ALJ improperly rejected Dr. Brenizer and Dr. Smyth's medical opinions. Pl.'s Br. 5–12. "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* Dr. Brenizer and Dr. Smyth's medical opinions are contradicted. Pl.'s Br. 6; Def.'s Br. 6, ECF No. 16. Therefore, the ALJ needed to provide specific and legitimate reasons supported by substantial evidence to properly reject their opinions. *See Bayliss*, 427 F.3d at 1216 (citation omitted).

When evaluating conflicting medical opinions, an ALJ need not accept a brief, conclusory, or inadequately supported opinion. *Id.* An ALJ must weigh the following factors when considering medical opinions: (1) whether the source has an examining relationship with claimant; (2) whether the source has a treatment relationship with claimant; (3) supportability (as shown by relevant evidence and explanation); (4) consistency with the record as a whole; (5) specialization; and (6) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 404.1527(c)(1)–(6).

Dr. Brenizer gave Plaintiff a psychological evaluation in June 2015. Tr. 280–87. Dr. Brenizer said that Plaintiff would have "barriers to employment due to her depression," often had interpersonal conflict, and would likely miss many days of work due to depression and general stress. Tr. 286–87. Dr. Brenizer opined that Plaintiff had moderate to marked limitations in cognitive, social, and adaptive functioning, including marked difficulty performing activities within a schedule, working with others, and completing a normal workday and workweek. Tr. 291. Dr. Brenizer recommended that Plaintiff focus on mental health treatment and her physical impairments and opined that even a minimal increase in mental demands or environmental change could cause her to decompensate. Tr. 289.

The ALJ gave Dr. Brenizer's opinion little weight Tr. 20. The ALJ found that Dr. Brenizer relied significantly on Plaintiff's complaints and allegations. *Id.* The ALJ also found that, "[w]hile some degree of reliance on the subjective complaints is expected . . . the allegations and assessed limitations are out of proportion to the objective findings of [Dr. Brenizer's] examination." *Id.* Plaintiff was late but was fully oriented, spoke normally, and showed intact long- and short-term memory, judgment, and insight. *Id.* (citing tr. 285–86). She had significant situational stressors, but there was no evidence that they stemmed from her mental health issues. Tr. 20.

Plaintiff argues that the ALJ improperly rejected Dr. Brenizer's opinion as parroting Plaintiff's subjective report. Pl.'s Br. 9. The rule allowing ALJs to reject opinions based on claimants' self-reports "does not apply in the same manner to opinions regarding mental illness." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (internal citation omitted). "Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnosis will always depend in part on the patient's self-report, as well as the clinician's observations of the patient. But such is the nature of psychiatry." *Id.* Here, the ALJ rejected Dr. Brenizer's opinion for more than its reliance on Plaintiff's self-reports, as discussed above.

Plaintiff also argues that Dr. Brenizer based her opinion on medical records, a clinical interview, and a mental status evaluation. Pl.'s Br. 9. Additionally, Dr. Brenizer observed that Plaintiff was late twice, presented as depressed and tearful, and answered questions vaguely. *Id.* (citing tr. 285). Even taking this evidence into account, the ALJ pointed to substantial objective evidence of Plaintiff's functionality and a general lack of supportability. *See* tr. 20, 285–86.

Finally, Plaintiff argues that the ALJ inappropriately suggested that Plaintiff's clinical depression was due to "situational stressors." Pl.'s Br. 10. The correlation between Plaintiff's mental health symptoms and situational stressors is significant because the RFC limits Plaintiff to "simple, routine, and repetitive tasks with no more than occasional contact with the general public." Tr. 17. The ALJ did not err in rejecting Dr. Brenizer's opinion.

Dr. Smyth gave Plaintiff a psychological evaluation in December 2015. Tr. 261–66. The ALJ summarized Dr. Smyth's report as follows. Plaintiff had poor interpersonal skills, low average motivation, and compromised persistence and pace due to labile decompensation. Tr. 20 (citing tr. 266). However, Plaintiff showed no unusual fatigue during the seventy-minute evaluation. Tr. 20 (citing tr. 266). The ALJ gave Dr. Smyth's observations some weight but found that they were not entirely consistent with Plaintiff's presentation. Tr. 20. For example, Plaintiff presented with good grooming and intact cognition and memory. Tr. 20 (citing tr. 265). She could understand and remember short and direct instructions, recall two out of three objects, and list the months of the year in order and the days of the week backwards. *Id.*

Plaintiff argues that the ALJ disregarded Dr. Smyth's observations of Plaintiff's labile decompensation and its effect on Plaintiff's ability to perform. Pl.'s Br. 11; *see* tr. 261–66 (reporting, for example, that Plaintiff cried during forty percent of the interview, was only partially responsive while discussing her post-traumatic stress disorder symptoms, and had a poor attention span). Even credited as true, Dr. Smyth's evaluation is not dispositive because Dr. Smyth did not opine as to Plaintiff's specific limitations or her ability to sustain competitive work. The ALJ did not err in rejecting Dr. Smyth's opinion.

11 – OPINION AND ORDER

**<u>CONCLUSION</u>**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 29th day of June, 2020.

s/  Michael J. McShane

Michael J. McShane
United States District Judge

12 – OPINION AND ORDER